# SUPREME COURT.

THE PEOPLE *ex rel.* MARY A. BEATTIE agt. DAVID McADAM, justice, &c.

*Summary proceedings for non-payment of rent — when may be maintained by lessor.*

The acceptance of a chattel mortgage postponing the payment of past due installments of rent upon a lease, and securing the payment of the subsequent installments of rent as they mature, does not prevent the lessor from maintaining summary or other proceedings founded on a default in the payment of the subsequently accrued installments.

*Special Term, May,* 1880.

THE relator was dispossessed from the premises No. 7 Washington place, by Mr. justice McADAM, for the non-payment of certain installments of rent secured by a chattel mortgage. The justice decided the rule to be as stated in the head-note. The adjudication was brought into the supreme court for review upon *certiorari.* The respondent moved to quash the writ.

*Ormsby & Fitzpatrick,* for relator.

*Ira A. Warren,* for respondent.

BEACH, *J.* — The proceedings were taken on account of rent unpaid from January 1 to April 1, 1880. They were not based upon the sum accrued prior to January one. That was specifically secured by the chattel mortgage and its payment deferred until 1881. All reference to the rent, mentioned here, in the mortgage is as follows: The party of the first part shall well and truly pay " such other or further sum or sums as may remain due and unpaid for the rent of premises     *     *     *     from January 1, 1880, to May 1, 1880," &c., &c.

The date in 1881 is named for the payment of the first installment of the $453.02 in arrear, and has no connection with paragraph above quoted. I am unable to discover any postponement of the rents in question. The mortgage merely secures whatever balance may remain still due at the end of the term. The logical sequence of any other contention would enable the relator to remain in possession, without payment, until January 15, 1881, then to begin paying at the rate of twenty dollars per month. Such a variation of the written lease could not be made, except by clear and unambiguous words. The writ must be dismissed.